United States District Court

District of Minnesota

Noah J. McCourt

*Plaintiff*

       V.

City of Chaska

*Defendant*

## COMPLAINT

COMES NOW the plaintiff, Noah J. McCourt, appearing pro se, and for a complaint against the City of Chaska above named, states, alleges, and avers as follows:

### JURISDICTION

1. This Court has subject matter jurisdiction under 28 U.S.C. sections 1331 and 1343.

2. This action is commenced pursuant to 2201 and 2202 and 42 U.S.C., section 1983.

### GENERAL ALLEGATIONS

3. The plaintiff Noah McCourt is a citizen of the State of Minnesota, United States of America.

4. Defendant, the City of Chaska, operates at Chaska City Hall located at 1 City Hall plaza Chaska Minnesota.

5. The City operates City Square park located at 300 N. Chestnut St. Chaska, MN 55318

6. City Square Park has a Gazebo, which the city utilizes at a variety of community events.

7. Plaintiff is an individual with a disability that causes periodic physical impairment. Noah McCourt has Autism Spectrum Disorder and as a result has low muscle tone which results in sporadic muscle weakness that renders him unable to utilize stairs and lift himself. Plaintiff requires extra time and greater space to accomplish daily living activities. He wants to be able to fully participate in events such



as River City Days and Taste of Chaska but the Gazebo is inaccessible to persons with physical accommodation needs and mobility impairments.

8. Statutory Framework: The Americans with Disabilities Act of 1990 (Disabilities Act), 42 U.S.C. 12101 et seq., established a "comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. 12101

9. Congress found that:

a. "historically, society has tended to isolate and segregate individuals with disabilities," and that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem." 42 U.S.C. 12101

b. Discrimination against persons with disabilities "persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services." 42 U.S.C. 12101

c. In addition, persons with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities. 42 U.S.C. 12101

d. Furthermore, "people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally." 42 U.S.C. 12101

e. "[T]he continuing existence of unfair and unnecessary discrimination and prejudice," Congress concluded, "denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous." 42 U.S.C. 12101(a)

10. 42 U.S.C. 12101(a)(7). Based on those findings, Congress "invoked the sweep of congressional authority, including the power to enforce the fourteenth amendment" as authority for its passage of the Disabilities Act. 42 U.S.C. 12101(b)(4).

The Disabilities Act targets three particular areas of discrimination against persons with disabilities.

a. Title I, 42 U.S.C. 12111-12117, addresses discrimination by employers affecting interstate commerce
b. Title II, 42 U.S.C. 12131-12165, addresses discrimination by governmental entities in the operation of public services, programs, and activities, including transportation
c. Title III, 42 U.S.C. 12181-12189 (1994 & Supp. IV 1998), addresses discrimination in public accommodations operated by private entities.

   d. The term "disability" is defined as "a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual"; "a record of such impairment"; or "being regarded as having such impairment." 42 U.S.C. 12102(2).

10. Title II of the Disabilities Act provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. 12132.

   a. "public entity" is defined to include "any State or local government" and its components. 42 U.S.C. 12131(1)(A) and

   b. "qualified individual with a disability" is a person "who, with or without reasonable modifications meets the essential eligibility requirements" for the governmental program or service, including employment.

11. Title II may be enforced through private suits against public entities. 42 U.S.C. 12117 as Congress has expressly abrogated the States' Eleventh Amendment immunity to private suits in federal court. 42 U.S.C. 12202.

12. Congress passed the American with Disabilities Act on July 26, 1990 .

12. Nevertheless, the City of Chaska has not eliminated these barriers as their Gazebo does not meet current ADA standards. This prevents persons with physical disabilities from having full access to City Square Park.

14. Congress included "all activities of State and local governments regardless of whether these entities receive Federal financial assistance "in title II of the act 29 U.S.C. section 794

15. The Gazebo at Chaska City Square Park a is a facility owned and used in the provision of said activities by a local government entity

16. As relevant to the present action, discrimination includes, "a failure to remove architectural barriers . . . that are structural in nature, in existing facilities . . . where such is readily achievable." 42 U.S.C. 12131

   a. Title II does not normally require a public entity to make its existing physical facilities accessible

   b. Title II allows for alterations of those facilities and any new facilities in order to be made accessible. 28 C.F.R.35.15

17. The U.S. Department of Justice, in promulgating the federal regulations to implement the American with Disabilities Act, defines "readily achievable" to mean "easily accomplishable and able to be carried out without much difficulty or expense," including adding a ramp and wall bar on the gazebo 28 C.F.R.. Section 36.304

18. Other facilities similar to the defendants have made similar modifications, like I ask here. The City could easily have made its facility accessible but has chosen not to comply with The Americans with Disabilities Act.

19. Plaintiff wants the ability to fully participate in community activities.

## FIRST CLAIM OF RELIEF

20. Pursuant to the Americans with Disabilities Act, 42 U.S.C. 12131, et seq., and the federal regulations promulgated pursuant to this Act, 28 C.F.R. §36.304, the Gazebo City Square park at 300 N Chestnut Street Chaska, Minnesota should be accessible to individuals with disabilities  To date, it is not.

21. By failing to remove the architectural barrier where such removal is readily achievable and poses no undue financial burden, The City of Chaska discriminates against the plaintiff and is in violation of the Americans with Disabilities Act.

WHEREFORE, the plaintiff Noah J McCourt prays that the Court issue an injunction enjoining the defendant from continuing its discrimination and that the Court award plaintiffs such additional or alternative relief as may be just, proper, and equitable, including costs.

Respectfully submitted,

*/s/ Noah J. McCourt*

Noah J. McCourt

33 W Lake St.404

Waconia, MN 55387

PRO SE