UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Noah J. McCourt, | File No. 18-cv-1559 (ECT/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| City of Chaska, | |
| Defendant. | |

On June 5, 2018, Plaintiff Noah J. McCourt ("McCourt") filed this action against the City of Chaska (the "City"), alleging that the City was violating the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, by holding certain community events at a location in City Square Park that McCourt, due to his physical and mobility limitations, could not access.[1] *See generally* ECF No. 1. On October 16, 2018, the City filed a Notice of Acceptance of Rule 68 Offer of Judgment, along with its Rule 68 Offer of Judgment and the proof of service of McCourt's acceptance. ECF Nos. 15 and 15-1.

Under the accepted offer, the parties agree to certain injunctive relief, specifically, that the City will "work with an accessibility compliance specialist during the planning process for City Square Park, which had been scheduled in the City's Capital Improvement Plan prior to the initiation of this lawsuit, to ensure all city services and programs in City

---

[1] McCourt filed his Complaint *pro se*, but following a referral to the FBA *Pro Se* Project by the then-assigned Magistrate Judge Tony N. Leung, *see* ECF No. 4, Peter K. Doely of Maslon LLP noticed his appearance on behalf of McCourt, *see* ECF No. 9. The Court acknowledges and appreciates Mr. Doely's service with the *Pro Se* Project.

Square Park are ADA compliant and implement any necessary changes." ECF No. 15 at 2. The parties further agree that McCourt may petition the Court for reasonable costs and attorneys fees. *Id.* The Court has independently evaluated the injunctive terms of the Rule 68 offer and, for the reasons described below, directs the Clerk to enter judgment.

"The purpose of Rule 68 is to encourage the settlement of litigation." *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981). Rule 68 "prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Perkins v. U.S. W. Commc'ns*, 138 F.3d 336, 338 (8th Cir. 1998) (quoting *Marek v. Chesny*, 473 U.S. 1, 5 (1985)). "In addition, Rule 68 leaves no discretion in the district court to do anything other than enter judgment once an offer of judgment has been accepted," and the language of Rule 68 "indicates that the district court possesses no discretion to alter or modify the parties' agreement." *Id.*; *accord Ramming v. Nat. Gas Pipeline Co. of Am.*, 390 F.3d 366, 371 (5th Cir. 2004) (concluding that district court lacked authority to dispense with a term of the defendant's offer of judgment).

Although "entry of a Rule 68 judgment is ordinarily ministerial rather than discretionary, this general statement is too broad to encompass all instances in which Rule 68 offers are made." *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1250 (11th Cir. 2002) (Marcus, J., concurring) (citations omitted) (internal quotation marks omitted). A district court must retain the authority to evaluate a proposed judgment for injunctive relief, and "in cases seeking injunctions or similar judgments, therefore, the court cannot be compelled to enter the agreed judgment even though it emerged from a Rule 68 offer and acceptance." *Id.* at 1251 (quoting 12 Charles Alan

Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3005 (2d ed. 1997)). Therefore, "the presence of injunctive relief in a Rule 68 offer renders it the functional equivalent of a proposed consent decree by requiring a court to review the terms of the offer." *Id.*

A district court's authority to enter a consent decree originates from the consent of the parties. *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 522 (1986). "A consent decree must spring from and serve to resolve a dispute within the court's subject-matter jurisdiction[, . . .] must come within the general scope of the case made by the pleadings, and must further the objectives of the law upon which the complaint was based." *Id.* at 525 (citations omitted) (internal quotation marks omitted). Furthermore, "[c]onsent decrees entered in federal court must be directed to protecting federal interests." *Frew v. Hawkins*, 540 U.S. 431, 437 (2004). When deciding whether to approve a consent decree, a district court considers whether the consent decree is substantively and procedurally fair, reasonable, and consistent with the governing law. *United States v. BP Amoco Oil PLC*, 277 F.3d 1012, 1018–20 (8th Cir. 2002). Although "federal courts in adopting consent decrees are not mere 'recorders of contracts from whom parties can purchase injunctions,'" *Angela R. by Hesselbein v. Clinton*, 999 F.2d 320, 324 (8th Cir. 1993) (quoting *Local No. 93*, 478 U.S. at 525) (alteration omitted), the Eighth Circuit has recognized that district courts may appropriately approve consent decrees implicating important public interests, such as in cases involving discrimination. *E.g., EEOC v. Prod. Fabricators, Inc.*, 666 F.3d 1170 (8th Cir. 2012) (reversing a district court's rejection of a

proposed consent decree providing injunctive relief as resolution for a claim alleging violation of the ADA).

Here, the Court possesses subject-matter jurisdiction under 28 U.S.C. § 1331. The parties desire the resolution of this matter through the injunctive relief described in the Rule 68 Offer of Judgment. All parties are represented by capable counsel. Nothing in the record suggests unfairness in the parties' negotiations in reaching the proposed resolution of this matter. In addition, the terms of the Rule 68 offer appear to be substantively fair, reasonable, and consistent with the governing provisions of the ADA.

THEREFORE, upon the consent of the parties, and based on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT: The Defendant City of Chaska will work with an accessibility compliance specialist during the planning process for City Square Park, which had been scheduled in the City's Capital Improvement Plan prior to initiation of this lawsuit, to ensure all city services and programs in City Square Part are ADA compliant and implement any necessary changes.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 1, 2018        s/ Eric C. Tostrud
                               Eric C. Tostrud
                               United States District Court